UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FLORA FLAGLER, as Administrator of the
Estate of Elijah Eato, deceased,

               Plaintiff,

      -against-                        **MEMORANDUM AND ORDER**
                                           No. 07-CV-1175 (FB) (RER)
BUDGET RENT A CAR SYSTEM, INC., PV
HOLDING CORP., VIRGINIA B. CURRY,
and MORRIS JOHNSON,

               Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                *For Defendants Budget Rent A Car System,*
CLIFFORD J. STERN, ESQ.               *Inc., and PV Holding Corp.:*
Silverstein & Stern LLP                   PAULINE ELIZABETH GLASER, ESQ.
40 Fulton Street, 7th Floor              Morris, Duffy, Alonso & Faley
New York, NY 10038                        2 Rector Street, 22nd Floor
                                                       New York, NY 10006

                                                       *For Defendant Virginia B. Curry:*
                                                       PATRICK AURILIA, ESQ.
                                                       Lewis, Johs, Avallone, Aviles
                                                       425 Broadhollow Road
                                                       Melville, NY 11747

**BLOCK, Senior District Judge:**

        Plaintiff, Flora Flagler ("Flagler"), is the administrator of the Estate of Elijah Eato ("Eato"). In a complaint filed in New York Supreme Court, Queens County, Flagler alleged that, on June 25, 2006, Eato was fatally injured in an automobile accident caused by the negligence of defendant Virginia B. Curry ("Curry"); she further alleged that Curry was driving an automobile rented by defendant Morris Johnson ("Johnson") from

defendants Budget Rent A Car System, Inc., and PV Holding Corp. (collectively, "Budget").

Budget removed the case to this Court based on diversity.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), it now moves to dismiss on the ground that the claims against it are barred by federal law. In response, Flagler contends that the federal law in question is unconstitutional. For the following reasons, Budget's motion is granted.

I.

At issue is 49 U.S.C. § 30106, colloquially known as the Graves Amendment. Enacted on August 10, 2005, the statute provides that

> [a]n owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

---

[1] Under the so-called rule of unanimity, "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996); *see also Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (noting that "there is widespread agreement among the district courts, including those in the Second Circuit," regarding the rule). Neither Curry nor Johnson has joined in Budget's notice of removal or otherwise given consent to removal; Budget's notice is silent on the issue, as well as on the issue of whether Curry and Johnson had been properly served at the time of removal. Nevertheless, "[f]ailure to comply with the rule of unanimity in a notice of removal, is, unlike lack of subject matter jurisdiction, a procedural defect that is waived thirty days after the notice of removal is filed." *Allstate Ins. Co. v. Zhigun*, 2004 WL 187147, at *3 n.2 (citing, *inter alia*, *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509-516-17 (6th Cir. 2003)). At no time has Flagler sought remand or otherwise objected to removal.

2

>   (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

*Id.* § 30106(a).

There is no question but that the Graves Amendment preempts state laws that impose vicarious liability on businesses that rent or lease motor vehicles. *See United States v. Locke,* 529 U.S. 89, 109 (2000) (explaining that so-called conflict preemption "occurs when compliance with both state and federal law is impossible, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress"). Flagler does not dispute that Budget is in the business of renting motor vehicles; nor does she contend that Budget has acted negligently or criminally. Instead, Flagler argues solely that the Graves Amendment falls outside the scope of Congress' power under the Commerce Clause of the Constitution.

The Supreme Court has identified "three broad categories of activity that Congress may regulate under its commerce power":

>   First, Congress may regulate the use of the channels of interstate commerce . . . . Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities. Finally, Congress' commerce authority includes the power to regulate those activities . . . that substantially affect interstate commerce.

*United States v. Lopez,* 514 U.S. 549, 558-59 (1995) (internal quotation marks and citations omitted). In respect to the third category, the standard is not "whether [the regulated] activities, taken in the aggregate, substantially affect interstate commerce in fact, but only whether a 'rational basis' exists for so concluding." *Gonzales v. Raich,* 545 U.S. 1, 22 (2005).

3

Neither the Supreme Court nor any circuit court has yet addressed whether the Graves Amendment is a constitutional exercise of Congress' commerce power. Several district courts, however, have held that it is. *See Berkan v. Penske Truck Leasing Canada, Inc.*, 2008 WL 441995 (W.D.N.Y. Feb. 19, 2008); *Jasman v. DTG Operations, Inc.*, 2008 WL 376774 (W.D. Mich. Feb. 13, 2008); *Dupuis v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980 (M.D. Fla. 2007); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 821 (M.D. Fla. 2007); *Seymour v. Penske Trucking Leasing Co.*, 2007 WL 2212609 (S.D. Ga. July 30, 2007). On the other side of the equation, one district court and one New York State court have held the amendment unconstitutional. *See Vanguard Car Rental USA, Inc. v. Huchon*, 2007 WL 2875388 (S.D. Fla. Sept. 14, 2007); *Vanguard Car Rental USA, Inc. v. Drouin*, 521 F. Supp. 2d 1343 (S.D. Fla. 2007); *Graham v. Dunkley*, 827 N.Y.S.2d 513 (Sup. Ct. 2006). *Graham*, however, was recently reversed by the Appellate Division, Second Department, which held that the amendment fell within the second category of the commerce power because it "regulates both instrumentalities of, and things in, interstate commerce." *Graham v. Dunkley*, 2008 WL 269527, at *3 (2d Dep't Feb. 1, 2008). The appellate court further held that the amendment fell within the third category because "Congress had a rational basis to conclude that rentals and leases of vehicles, even in purely intrastate instances, have a substantial effect on interstate commerce." *Id.* at *4. Thus, *Huchon* and *Drouin* – both decided in identical terms by Judge Moore of the Southern District of Florida – are the only cases supporting Flagler's position.

## II.

Having considered the small universe of cases, the Court agrees with those

4

courts that have held the Graves Amendment constitutional. More specifically, it agrees with those courts that have held that the amendment falls within the second and third categories of the commerce power. *See Berkan*, 2008 WL 441995, at *4 ("The Graves Amendment regulates the market for leased and rented motor vehicles, which are simultaneously instrumentalities of interstate commerce, things in interstate commerce, and part of a class of activities which substantially affect interstate commerce."); *Graham*, 2008 WL 269527, at *3-*4 ("The Graves Amendment . . . regulates both instrumentalities of, and things in, interstate commerce . . . . Moreover, the statute was also constitutional as a regulation of an economic 'class of activities' which, taken in the aggregate, substantially affect interstate commerce.").

With respect to the second category, even before the Supreme Court's radical reassessment of the Commerce Clause in the 1930s, it recognized that "Congress may legislate about the agents and instruments of interstate commerce, and about the conditions under which those agents and instruments perform the work of interstate commerce, whenever such legislation bears, or, in the exercise of a fair legislative discretion, can be deemed to bear, upon the reliability or promptness or economy or security or utility of [interstate commerce]." *Mondou v. New York, New Haven & Hartford Ry.*, 223 U.S. 1, 48 (1912) (upholding Federal Employers' Liability Act preempting state tort law governing common carriers' liability to employees). Since automobiles are "the quintessential instrumentalities of modern interstate commerce," *Graham*, 2008 WL 269527, at *3 (quoting *United States v. Bishop*, 66 F.3d 569, 588 (3d Cir. 1995)), Congress could reasonably conclude that shielding rental-car companies from vicarious liability under state tort law would

5

enhance the industry's ability to provide the means for moving people and goods in interstate commerce.

The same analysis applies to the third category. "The leasing market for vehicles . . . is a national one that materially affects interstate commerce." *United States v. Fenton*, 367 F.3d 14, 23 (1st Cir. 2004). Once again, Congress had a rational basis for concluding that vicarious liability laws might, in the aggregate, adversely affect that market by causing rental-car companies to cease doing business in states with such laws or, at the very least, to pass on their legal and insurance costs to consumers.

In the Court's view, the principal error in *Drouin* and *Hochin* is their focus on the Graves Amendment's preemption of tort liability, an area traditionally defined by state law. The means that Congress uses, however, is irrelevant as long as its goal is to protect interstate commerce. *See Gonzales*, 545 U.S. at 17 ("When Congress decides that the total incidence of a practice poses a threat to a national market, it may regulate the entire class [of activity]."); *Wickard v. Filburn*, 317 U.S. 111, 125 (1942) ("Even if [the regulated] activity be local and though it may not be regarded as commerce, it may still, whatever its nature, be reached by Congress if it exerts a substantial economic effect on interstate commerce[.]"). Although Judge Moore expressed concern that there was no argument "that the car rental or leasing industry requires protection, or is in the least bit of danger," *Drouin*, 521 F. Supp. 2d at 1350, it is for Congress – and Congress alone – to decide when legislation is called for. *Cf. City of New York v. Beretta U.S.A. Corp.*, 401 F. Supp. 2d 244, 287 (E.D.N.Y. 2005) ("Although a court may have reservations about the likelihood of the predicted catastrophic collapse of the Gun Industry, there is a rational basis for Congress'

determination that the [Protection of Lawful Commerce in Arms] Act was necessary to protect that industry.").

### III.

Because Congress has, through the Graves Amendment, constitutionally preempted state laws imposing vicarious liability on rental-car companies, Flagler cannot state cognizable claims against Budget. Accordingly, her claims against Budget are dismissed with prejudice.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 11, 2008